FILED

JUL 1 0 2007

JUL 1 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROBERT A. GREEN, individually and )
as the representative of a class of similarly- )
situated persons, )
)
        Plaintiff, )
)
        v. )
)
INSURANCE PROGRAM MANAGERS )
GROUP, L.L.C., )
)
        Defendant. )

07CV 3842
JUDGE KOCORAS
MAGISTRATE JUDGE BROWN

Kane County Case No.: 07 CHK 1065

### NOTICE OF REMOVAL

    INSURANCE PROGRAM MANAGERS GROUP, L.L.C. ("Defendant"), notifies the Court of the following:

    1.    On May 23, 2007, a civil action captioned *Robert A. Green, individually and as the representative of a class of similarly-situated person v. Insurance Program Managers Group, L.L.C., Case* No. 07 CHK 1065 was filed in the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois. Defendant received service of the Summons and Complaint on June 21, 2007. Copies of the Summons and Complaint and Plaintiffs Motion for Class Certification are attached as Exhibit A. To the best of Defendant's knowledge, Exhibit A constitutes all process, pleadings, and orders which have been filed in said case to date.

    2.    The Complaint alleges violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, Conversion and an unfair practice under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2.

3.     The above captioned action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint alleges that the action is brought pursuant to 47 U.S.C. § 227, and seeks recovery of monetary damages as a result of Defendant's alleged violation of the TCPA. This action thus arises under the laws of the United States. See, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005) (holding that a claim that a business violated the TCPA arises under federal law.) This Court has jurisdiction over the remaining counts pursuant to 28 U.S.C. § 1367 and principals of supplemental jurisdiction and pendent jurisdiction.

4.     This action therefore may be removed to this Court pursuant to 28 U.S.C. § 1441 without regard to the citizenship of the parties or the amount in controversy.

5.     Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States Court for the District corresponding to the place where the state court action was pending.

6.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after the Complaint was served upon Defendants and, therefore, has been timely filed pursuant to the provisions of 28 U.S.C. § 1446(b).

7.     Written notice of the filing of this Notice of Removal is being filed with the Clerk of the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois, and shall be served upon all parties together with a copy of this Notice pursuant to the provisions of 28 U.S.C. § 1446(d).

8.     Defendants expressly reserve each and every defense available to the allegations contained in the Complaint.

2

WHEREFORE, Defendant respectfully notifies the Court of the removal of this action from the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois.

INSURANCE MANAGERS PROGRAM
GROUP

By: _____
One of Its Attorneys

Clifford G. Kosoff
Joshua S. Abern
O'Halloran Kosoff Geitner & Cook LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230

3

MICHAEL J. COLWELL

## IN THE CIRCUIT COURT OF THE 16th JUDICIAL CIRCUIT
### KANE COUNTY, ILLINOIS

ROBERT A. GREEN, individually and )
as the representative of a class of similarly- )
situated persons, )
           )
           Plaintiff, )
           )
           v. )
           )
INSURANCE PROGRAM MANAGERS )
GROUP, L.L.C. )
           )
           Defendant. )

'07 CH K 1065

**NOTICE**
BY ORDER OF COURT THIS CASE IS HEREBY
SET FOR CASE MANAGEMENT CONFERENCE
BEFORE THE ABOVE NAMED JUDGE
ON _____ SEP 11 2007 _____
AT 9:30 A.M. P.M.
FAILURE TO APPEAR MAY RESULT IN THE
CASE BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

### CLASS ACTION COMPLAINT

Plaintiff, ROBERT A. GREEN, (herein "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, INSURANCE PROGRAM MANAGERS GROUP, L.L.C. (herein "Defendant").

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's policy and practice of faxing unsolicited advertisements to persons in Illinois and other states.

2.      The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations, provides statutory damages of $500.00 per violation, which may be trebled for knowing or willful violations, and authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).

**EXHIBIT**

A

3.     Unsolicited faxes damage the recipients. Recipients lose the use of their fax machine, paper, and ink toner. Unsolicited faxes also causes the recipients to waste valuable time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.     Venue is proper in Kane County pursuant to 735 ILCS 5/2-101, et seq. because the Defendant does business in Kane County.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

2

## PARTIES

9.     Plaintiff, ROBERT A. GREEN, ~~d/b/a TIFFANY INSURANCE AGENCY~~,

resides in Chicago, Cook County, Illinois.

10.     On information and belief, Defendant, INSURANCE PROGRAM MANAGERS

GROUP, L.L.C., is an Illinois limited liability company with its principal place of business in St.

Charles, Illinois.

## FACTS

11.     During 2006 and 2007, Defendant transmitted by telephone facsimile machine

unsolicited advertisements to Plaintiff's facsimile machine. Copies of the two facsimiles are

attached hereto and marked as Exhibit A.

12.     Defendant knew or should have known that (i) Exhibit A were advertisements and

(ii) Defendant did not have permission or invitation to send Exhibit A to Plaintiff and the other

members of the class.

13.     On information and belief, Defendant has sent similar unsolicited facsimile

advertisements to at least 39 other recipients.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid

receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications

their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the

Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of

persons:

3

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable;

(b)    There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(v)    Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

4

(viii)   Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages.

18.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

19.   A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.   The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …." 47 U.S.C. § 227(b)(1).

21.   The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.   The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)   Both such actions.

5

23.    The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24.    If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

25.    Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26.    Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

27.    If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, INSURANCE PROGRAM MANAGERS GROUP, L.L.C., as follows:

6

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation;

C.    Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

D.    Awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual class member inclusive of all damages and fees.

**COUNT II**
**CONVERSION**

28.    Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 28 as though fully set forth herein.

29.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

30.    A class action is proper in that:

7

(a)     On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

> (i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

> (ii)    Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

> (iii)   Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

> (iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

> (v)     Whether Defendant committed conversion; and

> (vi)    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

31.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

8

32.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to its own use.

34.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper, toner, memory, and employee time.

35.     Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

36.     Plaintiff and the other class members were deprived of valuable resources, which because of Defendant could not be used for any other purpose. Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

37.     Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, INSURANCE PROGRAM MANAGERS GROUP, L.L.C., as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award damages;

9

C.  That the court award costs of suit; and

D.  Awarding such further relief as the court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

**COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

38.  Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 38 as though

fully set forth herein.

39.  In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

40.  A class action is proper in that:

(a)  On information and belief the class consists of forty or more persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)  There are questions of fact or law common to the class that predominate

over all questions affecting only individual class members including:

(i)  Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)  Whether the facsimiles sent by Defendant were material

advertising the commercial availability of property, goods, and services;

10

(iii)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)    Whether Defendant's practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

(vi)    Whether Defendant's practice of sending unsolicited faxes is oppressive;

(vii)    Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

(viii)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

(ix)    Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

41.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

42.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

11

43.    720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

44.    Defendant's unsolicited fax practice is an unfair practice, because it violates state and federal public policy. It forced Plaintiff and the other class members to incur expense without any consideration.

45.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to forty or more persons.

46.    Defendant's misconduct caused economic damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant's faxes.

47.    Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption. By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

48.    Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

12

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, INSURANCE PROGRAM MANAGERS GROUP, L.L.C., as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award damages to Plaintiff and the other class members;

C.     That the court award attorney fees and costs;

D.     Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

E.     Award such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

                          Respectfully submitted,

                          ROBERT A. GREEN, individually and as the
                          representative of a class of similarly-situated
                          persons

By:    _____
                          One of Plaintiff's Attorneys

Brian J. Wanca                    Phillip A. Bock
ANDERSON + WANCA                  DIAB & BOCK LLC
3701 Algonquin Road, Suite 760    20 N. Wacker Drive, Suite 1741
Rolling Meadows, IL 60008         Chicago, IL 60606
Telephone: 847/368-1500           Telephone: 312/334-1970
Fax: 847/368-1501                 Fax: 312/334-1971
ARDC No. 3126474                  ARDC No. 6224502

13

# EXHIBIT A



# Residential Roofers

## Program Requirements Include...

- Contractors must have a minimum of three years experience
- Contractors that only do "tear-offs" of existing roofs
- Work must be completed on single-family residential homes only
- No more than two homes annually in any one development or subdivision
- Property & Liability only
- Minimum PD deductible of $1000
- Eligible in all states except:
  Alabama, Arizona, California, Florida, Mississippi, Nevada, Rhode Island, and Texas

** Residential roofers business will be written under Capitol Specialty; with the exception of Wisconsin, which will be written under Capitol Indemnity.

### Agency Information

Andrea Nehring

Insurance Program Managers Group

Phone 888-377-5845
Fax: 888-377-5875
Email: andrean@ipmg.us
www.ipmg.com

### Capitol Targets:

Residential Roofers with receipts less than $300,000

**CAPITOL INSURANCE COMPANIES**
1600 Aspen Commons, Middleton, WI 53562

Given space limitations, we cannot list every provision, condition or exclusion in the policy related to the described coverage or out policy. These materials are subject to the terms of the actual policy issued. In all cases the language of the policy controls. Please read your entire policy carefully immediately after you receive it and contact your agent in the event that you have any questions. Some products may not be available in all jurisdictions.



# INSURANCE PROGRAM MANAGERS GROUP
## BROKERAGE SERVICES DIVISION

## Your Commercial Insurance Solution

*IPMG's Brokerage Services Division offers your agency access to frontline admitted carriers, specialty niche products and excess and surplus lines markets. Here are some of the things we can do:*

- Builders Risk
- Directors & Officers Liability
- Employment Practices Liability
- General Liability or Products
- Inland Marine

- Monoline Property
- Monoline Workers' Compensation
- Professional Liability
- Small Commercial Accounts
- Umbrella & Excess

*Minimum premiums start as low as $500. Commission on most accounts is 5% on Workers' Compensation and 10% on Property and Casualty Coverages.*

## Some of the markets we represent are:

| | | | |
|---|---|---|---|
| *ACE* | *Century National* | *Hartford* | *Travelers* |
| *AIG* | *Chubb* | *Indiana* | *United Heartland* |
| *Affiliated FM* | *Everest* | *Lexington* | *Westport* |
| *Amtrust* | *First Nonprofit* | *St. Paul / Travelers* | *Zurich* |
| *Capitol Indemnity* | *Great American* | *Liberty Underwriters* | *Allianz* |

*IPMG can quote many accounts in house and offers a quick turnaround when you need it; often in a few hours. Larger risks or accounts outside our authority will require greater lead time.*

*For more information check out our website at www.ipmg.us or email Denise Iglesias at denisei@ipmg.us or Andrea Nehring at andrean@ipmg.us or give us a call at 888-377-5845 to discuss how IPMG can help your agency grow.*

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

**'07 CH K 1065**

Case No. _____

| | | |
|---|---|---|
| **ROBERT A. GREEN, individually and as the representative of a class of similarly-situated persons,**<br><br>Plaintiff(s) | **INSURANCE PROGRAM MANAGERS GROUP, L.L.C.**<br><br>Defendant(s) | |

SERVE THIS DEFENDANT AT:

Name: **Neal P. Geitner, Registered Agent/Insurance Program Managers Group,L.L.**

Address: **650 Dundee Rd., Suite 475**

City, State & Zip: **Northbrook, IL 60062**

File Stamp

Amount Claimed $ __50,000.00 +__ _____

Pltf. Atty **Brian J. Wanca of Anderson + Wanca** _____  Add. Pltf. Atty _____

Atty. Registration No. **03126474** _____  Atty. Registration No. _____

Address **3701 Algonquin Road, Suite 760** _____  Address _____

City, State and Zip **Rolling Meadows, IL 60008** _____  City, State and Zip _____

## SUMMONS

To the above named defendant(s):

☐   A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒   B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐   C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE __June 21, 2007__ _____
(To be inserted by process server on copy left with the defendant or other person)

**MAY 23 2007**

WITNESS, _____ (date)

_Deborah Seyller_

Clerk of Court

Form 166-A (7/01)

Case No. _____

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)
    By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(b) - (Individual defendants - abode):
    By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - (Corporation defendants):
    By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

_____
                            Signature

| SERVICE FEES | |
|---|---|
| Service and return _____ $ _____ | |
| Miles _____ _____ | |
| Total _____ $ _____ | |

☐ Sheriff of _____ County
☐ Special Process Server

Sheriff of _____ County
☐ By _____, Deputy

☐ Special Process Server
    (See Order of Appointment in file)

Form 166-Abk (8/00)

**NOTICE TO DEFENDANTS - Pursuant to Supreme Court Rule**

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

# CONDITIONS OF DISSOLUTION ACTION STAY

## 750 ILCS 5/501.1

## Chapter 40, paragraph 501.1, Illinois Revised Statutes

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from removing any minor child or either party from the State of Illinois or from concealing any such child from the other party, without the consent of the other party or an order of the court.

## IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
### KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| ROBERT A. GREEN, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.    '07 CH K  1065 |
| INSURANCE PROGRAM MANAGERS GROUP, L.L.C. | ) ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ROBERT A. GREEN, by his attorneys, Anderson + Wanca and Diab & Bock,

respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class action

treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

> All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

> All persons who (1) on or after three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to

whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, ROBERT A. GREEN, prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

ROBERT A. GREEN, individually and as the representative for a class of similarly-situated persons

By:  _____

One of the Attorneys for Plaintiff

Brian J. Wanca  #3126474
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500

Phillip A. Bock
DIAB & BOCK
20 N. Wacker Drive, Suite 1741
Chicago, IL  60606
Telephone: 312/334-1970

2

**FILED**

JUL 1 0 2007

JUL 10 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT A. GREEN, individually and )
as the representative of a class of similarly- )
situated persons, )
                                        )   Case No.:
         Plaintiff, )
                                          )   **07CV 3842**
       v. )  **JUDGE KOCORAS**
                                          )   **MAGISTRATE JUDGE BROWN**
INSURANCE PROGRAM MANAGERS )
GROUP, L.L.C., )
                                          )
        Defendant. )

## NOTICE OF FILING

YOU ARE HEREBY NOTIFIED that on the 10ᵗʰ day of July 2007, the undersigned filed

with the Clerk of the above-named Court, Defendant's Notice of Removal, Civil Cover Sheet

and this Notice of Filing, copies of which are hereby being served upon you.

INSURANCE MANAGERS PROGRAM
GROUP

By: _____
      One of Its Attorneys

Clifford G. Kosoff
Joshua S. Abern
O'Halloran Kosoff Geitner & Cook LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile:  (847) 291-9230

STATE OF ILLINOIS     )
                           )   SS
COUNTY OF COOK     )

## CERTIFICATE OF SERVICE

I, Joshua S. Abern, an attorney, state that I served the foregoing Defendant's Notice of Removal, Civil Cover Sheet and Notice of Filing to the following persons:

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
DIAB & BOCK LLC
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606

by placing true and correct copies of the same in an envelope addressed as set forth above with sufficient postage affixed, and by placing said envelope in the U.S. mail in Northbrook, Illinois at or before the hour of 5:00 p.m. on July _10th_ , 2007.